## TANNER v. PARSHALL.

### June, 1867.

In an action in which the question is whether a certain transaction was a sale of property, or a delivery to the defendant as agent of the plaintiff, it is competent to prove an entry made by the plaintiff, in his books, of the transaction as a sale, if accompanied by proof that the entry was subsequently read to the defendant, and he admitted its correctness.[*]

Upon such a question the jury cannot consider the actual value or. the unsoundness of the property, as a circumstance in connection with the price, bearing upon the question.

Perry G. Tanner sued Anson C. Parshall, to recover the price of a horse alleged to have been sold and delivered to the defendant in September, 1856.

The principal question litigated on the trial, was whether the horse was sold to the defendant for five hundred dollars, or whether he was delivered to the defendant to be taken to New York, by one Baird, and sold on plaintiff's account; and on this question the testimony of the plaintiff and defendant was directly in conflict, and, with other evidence more or less bearing upon the truth of the version of either party, was submitted to the jury, who found for the plaintiff.

On the trial, the plaintiff, under the objection and exception of the defendant, was permitted to show that on the same day that he claimed to have sold the horse to the defendant, he went to his store, and in the absence of the defendant, made an entry in his book of accounts, charging defendant with the horse, at five hundred dollars, and that he subsequently exhibited this entry to the defendant, who admitted its accuracy. The judge allowed the entry to be read to the jury, and charged that it was a circumstance tending to prove the alleged sale. The principal question in the case was, whether this evidence was properly admitted.

---

[*] See Partridge v. Gildermeister, vol. 3 of this series, p. 461; Downs v. Sprague, vol. 1, p. 550.

*John H. Reynolds,* for defendant appellant.

*L. J. Burditt,* for plaintiff, respondent.

BY THE COURT.—HUNT, J.—This case was eminently one for the jury. We have nothing to do with the decision. We accept it as the correct determination of the disputed facts before them. The legal proposition before us is quite simple We are not called upon to decide whether the entry by the plaintiff of the sale of the horse to the defendant, in the plaintiff's book, was a part of the *res gestœ,* nor are we to decide whether the entry alone would have been competent evidence. Here the offer to read the evidence was accompanied by the offer, also, to prove that the entry was subsequently read to the defendant, and that he admitted its correctness That a statement by the plaintiff to the defendant, whether verbal or written, charging the latter with the purchase of a horse, at the agreed price of five hundred dollars, which statement was then assented to by the defendant, is competent evidence against the latter, would seem to be too plain a proposition for discussion. The offer, as made, was proved, and was corroborated by the defendant, so far as that he admitted that the statement was read over to him. He denied that he admitted its correctness, or promised to pay it.

The charge to the jury was upon the same subject matter, and in reference to the whole of the same. I think there could have been no misleading of the jury, and no misunderstanding by them of the questions before them.

The judge further charged the jury that in determining whether the defendant bought the horse, and agreed to pay five hundred dollars for him, they had no right to take into consideration the actual value, or the unsoundness of the horse, as a circumstance bearing on that question. If the jury had been engaged in deciding whether the defendant had made a good bargain in purchasing the horse, such evidence would have been material. So if there had been inquiry whether there had been a breach of an alleged warranty of soundness, the evidence referred to would have been important. But it was entirely immaterial upon the question

whether the defendant had purchased the horse or had received him from the plaintiff to sell on his account. As a legal proposition it could have no tendency to establish either a sale or an agency. There was no error in the instruction to the jury.

Neither was there any error in this instruction: that if the defendant heard the remark which the plaintiff's daughter testified that the father made to her, "that he had sold Billy," and did not deny it, it was competent evidence. The presence of the parties there, and the taking away of the horse by the defendant, would justify the jury in applying the remark to the horse in question.

The judgment should be affirmed.

GROVER, J., dissented, on the ground that reading the entry or charge to the defendant a long time after it was made, and his promise to pay the amount, did not render testimony that the entry was made by plaintiff immediately after his arrival at the store, after the alleged sale, competent evidence of such sale.

All the other judges concurred with HUNT, J.

Judgment affirmed, with costs.